UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


------------------------------ x
                                :
UNITED STATES OF AMERICA,        :
                 Plaintiff,      :      Criminal No.
                                :    3:13-CR-00224(RNC)
         vs.                     :
                                :     December 9, 2013
JOSEPH EDWARD WAESCHE, IV.,       :
                 Defendant.       :
                                :
------------------------------ x



                                 Federal Building
                                 450 Main Street
                                 Hartford, Connecticut



            WAIVER OF INDICTMENT AND GUILTY PLEA


        (Transcription from Electronic Recording)


Held Before:

            THE HON. DONNA F. MARTINEZ
            United States Magistrate Judge




            Transcription Services of
        FALZARANO COURT REPORTERS, LLC
            117 North Saddle Ridge
            West Simsbury, CT  06092
                 860.651.0258

A P P E A R A N C E S:

    <u>For the Plaintiff:</u>

        OFFICE OF THE UNITED STATES ATTORNEY
        157 Church Street - 23rd Floor
        New Haven, Connecticut  06510
        203-821-3700
            BY:  DAVID E. NOVICK, ESQ.
                Assistant U.S. Attorney

    <u>For the Defendant:</u>

        FILAN LLC
        315 Post Road West
        Westport, Connecticut  06880
            BY:  JAMES K. FILAN, JR., ESQ.

```
 1                    (Proceedings commenced at 2:51 p.m.)

 2                    THE CLERK:  The Honorable United States

 3   District Court is open after recess.

 4                    THE COURT:  Good afternoon.

 5                    MR. NOVICK:  Good afternoon, your

 6   Honor.

 7                    MR. FILAN:  Good afternoon, your Honor.

 8                    THE COURT:  This is United States vs.

 9   Joseph Edward Waesche, is that correct, Mr. Filan?

10                    MR. FILAN:  Waesche.

11                    THE COURT:  Waesche, the IV.  It's

12   Docket No. 13-CR-224 assigned to Judge Chatigny.

13                    Will you identify yourselves please,

14   for the record?

15                    MR. NOVICK:  The Government, David

16   Novick.  Also present at counsel table is Special

17   Agent Lynn Allen from the Department of Labor.  Good

18   afternoon, your Honor.

19                    THE COURT:  Good afternoon.

20                    MR. FILAN:  Jim Filan on behalf of Mr.

21   Waesche, who is standing here to my right, your Honor.

22                    THE COURT:  Good afternoon.

23                    All right.  I understand that the

24   Defendant wants to waive indictment and plead guilty

25   to a one-count information charging him with
```

1  conspiracy in violation of 18 United States Code

2  Section 371.

3            MR. FINAN:  That's correct, your Honor.

4            THE COURT:  All right.

5            Mr. Waesche, the first matter that we

6  have to take up this afternoon before we proceed to a

7  waiver of indictment and guilty plea is the matter of

8  the referral of your case to me and your consent to

9  the referral.

10           There are two kinds of judges in the

11  federal system, magistrate judges and district judges.

12  The two have different kinds of authority.  I'm a

13  magistrate judge.  Without the referral of a district

14  judge and a Defendant's consent, as a magistrate judge

15  I could not handle a proceeding such as this, a change

16  of plea in a criminal case in which a felony is

17  charged.  The proceeding would be handled by a

18  district judge.

19           The district judge to whom your case is

20  assigned has referred your case to me to handle at

21  this proceeding and to make a recommendation to him as

22  to whether he should accept your guilty plea.  The

23  referral is only for the sake of convenience.  There's

24  no other reason.  After this your case will go back to

25  the district judge for all remaining proceedings.

1                    I cannot take your guilty plea unless

2    you consent to my doing so.  You may consent to have

3    this proceeding before me or you may have this

4    proceeding before a district judge.  Have you

5    discussed with your lawyer your consent to having this

6    proceeding before me?

7                    THE DEFENDANT:  Yes, I have, your

8    Honor.

9                    THE COURT:  Do you want to have the

10   proceeding before me or would you prefer to have it

11   before a district judge?

12                   THE DEFENDANT:  I prefer to have it

13   before you.

14                   THE COURT:  All right.  Does the

15   Government consent?

16                   THE DEFENDANT:  We do, your Honor.

17                   THE COURT:  The Clerk will hand you, if

18   he hasn't already, the referral with an attached

19   consent form.  If you want to have the proceeding

20   before me you may sign the consent form.  If you don't

21   want to have the proceeding before me you should not

22   sign the consent form.  If you want to discuss it

23   further with your lawyer, feel free to do that.

24                   THE DEFENDANT:  And I'll sign it now,

25   your Honor.

```
 1              THE COURT:  All right.

 2              The Defendant is signing the consent

 3    form.  I find that he understands he has a right to

 4    have this proceeding before a district judge, and has

 5    knowingly and voluntarily waived that right and

 6    consented to proceed before a magistrate judge.

 7              The consent form may be filed.

 8              MR. FINAN:  May I approach, your Honor?

 9              THE COURT:  Yes, please.

10              Mr. Waesche, before I can take your

11    guilty plea there are a number of questions that I

12    must ask you while you are under oath.  The purpose of

13    the questions is to make sure that you know what

14    you're doing, that you understand your rights, that

15    you understand the consequences of a guilty plea, and

16    that you want to plead guilty because you are guilty.

17              If you don't understand any of my

18    questions, please do not hesitate to say so and I'll

19    reword the question.  All right?

20              THE DEFENDANT:  Yes.  Thank you.

21              THE COURT:  Place the Defendant under

22    oath.

23              THE CLERK:  Yes, your Honor.

24              Please raise your right hand.

25              JOSEPH EDWARD WAESCHE, IV., the Defendant
```

1  herein, was duly sworn by the Clerk of the Court and

2  testified as follows:

3               THE COURT:  You've now sworn to tell

4  the truth.  If you answer any of my questions falsely

5  you will be subject to the penalties for perjury or

6  for making a false statement.  Do you understand?

7               THE DEFENDANT:  Yes, I do.

8               THE COURT:  What's your full name?

9               THE DEFENDANT:  Joseph E. Waesche, IV.

10              THE COURT:  Have you ever used any

11  other names?

12              THE DEFENDANT:  Yes.

13              THE COURT:  What are they?

14              THE DEFENDANT:  Joseph Edward Waesche,

15  IV, J. Edward Waesche, IV., Ed Waesche.

16              THE COURT:  Where were you born?

17              THE DEFENDANT:  Bethpage, New York.

18              THE COURT:  How old are you?

19              THE DEFENDANT:  55.

20              THE COURT:  What schooling or education

21  have you had?

22              THE DEFENDANT:  Elementary, secondary

23  high school, 4-year college degree, Bachelor of Arts.

24              THE COURT:  Are you presently under the

25  influence of alcohol or any drugs or medicine?

1          THE DEFENDANT:  No.

2          THE COURT:  Have you had any alcohol or

3   any drugs or medicine within the past 72 hours?

4          THE DEFENDANT:  Yes.  Saturday.

5          THE COURT:  All right.  And what did

6   you have on Saturday?

7          THE DEFENDANT:  A couple glasses of

8   wine.

9          THE COURT:  All right.  Anything else?

10          THE DEFENDANT:  Not in the last 72

11   hours.

12          THE COURT:  Are you or have you

13   recently been under treatment by a doctor?

14          THE DEFENDANT:  No.

15          THE COURT:  Are you now or have you

16   recently been under treatment by a psychiatrist,

17   psychologist or other mental health provider?

18          THE DEFENDANT:  No.

19          THE COURT:  Are you now or have you

20   recently been treated for substance abuse?

21          THE DEFENDANT:  No.

22          THE COURT:  How do you feel today?

23   That is, how is your health today?

24          THE DEFENDANT:  Very good.

25          THE COURT:  Is your mind clear?

1          THE DEFENDANT:  Yes, very.

2          THE COURT:  Are you able to understand

3   everything that's going on here?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Mr. Filan, have you had any

6   difficulty communicating with your client?

7          MR. FILAN:  No.

8          THE COURT:  Do you have any doubts at

9   all as to his competence to proceed today?

10         MR. FILAN:  No.

11         THE COURT:  Mr. Waesche, are you

12  satisfied with the services of your lawyer?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Have you received a copy of

15  the written charge that the Government proposes to

16  file against you in this case, the information?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand the

19  charge?

20         THE DEFENDANT:  Yes, I do.

21         THE COURT:  Have you discussed it fully

22  with your lawyer?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The charge is contained in

25  an information which alleges a violation of Title 18,

1   United States Code Section 371, conspiracy.  Do you

2   understand that the charge is a felony, that is a

3   crime punishable by more than one year in jail?

4                    THE DEFENDANT:  Yes.

5                    THE COURT:  I understand that you want

6   to waive indictment and plead guilty to the felony

7   charge in the information; is that right?

8                    THE DEFENDANT:  Yes.

9                    THE COURT:  Before you may waive

10  indictment, I have to make certain that you understand

11  your right to have your case presented to a grand

12  jury.  Under the Constitution of the United States the

13  Government cannot prosecute someone for a felony

14  unless the Government first obtains an indictment from

15  a federal grand jury.

16                   A grand jury is a group of citizens who

17  are called in to hear the Government's evidence.  The

18  grand jury is composed of at least 16 but not more

19  than 23 people.  Before you could be indicted, at

20  least 12 of the grand jurors would have to find that

21  there was probable cause to believe that a crime was

22  committed and that you committed it.

23                   I am told that you want to waive or

24  give up your right to have your case presented to the

25  grand jury, and if you do that you are waiving your

1  right to require that the Government present its case

2  to the grand jury.  Therefore, you're giving up the

3  possibility that the grand jury might refuse to indict

4  you.  Do you understand?

5              THE DEFENDANT:  Yes.

6              THE COURT:  If you do not waive

7  indictment the Government may present the case to the

8  grand jury and ask the grand jury to indict you.  The

9  grand jury might not indict -- might indict you or the

10 grand jury might not indict you.  Do you understand?

11             THE DEFENDANT:  Yes.

12             THE COURT:  But if you waive your right

13 to indictment the felony charges against you will be

14 brought by the United States Attorney by the filing of

15 this information which your lawyer has shown you.  The

16 case will proceed against you on the United States

17 Attorney's information just as though you had been

18 indicted.

19             Have you discussed waiving your right

20 to indictment by the grand jury with your lawyer?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand your

23 right to indictment by the grand jury?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Have any threats or

1  promises been made to induce you to waive indictment?

2              THE DEFENDANT:  No.

3              THE COURT:  Is anyone forcing you to

4  waive indictment?

5              THE DEFENDANT:  No.

6              THE COURT:  Do you want to waive your

7  right to indictment by the grand jury?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Mr. Filan, is there any

10 reason why your client should not waive indictment?

11             MR. FILAN:  No, your Honor.

12             THE COURT:  Government know of any

13 reason?

14             MR. NOVICK:  No, your Honor.

15             THE COURT:  Has the Assistant United

16 States Attorney prepared the necessary waiver form?

17             MR. FILAN:  Yes, your Honor.  We have

18 it before us.

19             THE COURT:  All right.  Defendant may

20 now sign the waiver form in open court.

21             (Pause.)

22             THE COURT:  Defendant has signed the

23 waiver form.  I find that it's knowingly,

24 intelligently and voluntarily made, and I accept it.

25 The Government may file the information.

1           MR. NOVICK:  Thank you.

2           (Pause.)

3           THE COURT:  Mr. Waesche, the first and

4   the most important thing that you must understand is

5   that you have a right to plead not guilty and to

6   persist in that plea even if you are guilty.  If you

7   plead not guilty and continue in that plea of not

8   guilty you will be entitled to a trial by a jury with

9   the assistance of a lawyer at the trial and at every

10  other stage of the case.  If you cannot afford a

11  lawyer the court will appoint a lawyer for you at no

12  cost to you.  Do you understand?

13          THE DEFENDANT:  Yes.

14          THE COURT:  If you were to go to trial

15  you would be presumed innocent and the Government

16  would have to prove your guilt beyond a reasonable

17  doubt.  If the Government were to fail, the jury would

18  have to find you not guilty.  Do you understand?

19          THE DEFENDANT:  Yes.

20          THE COURT:  In the course of the trial

21  any witnesses for the Government would have to come to

22  court and testify in your presence.  Your lawyer would

23  have the right to cross examine any witnesses for the

24  Government and to object to any evidence offered by

25  the Government.  Do you understand?

1            THE DEFENDANT:  Yes.

2            THE COURT:  At a trial you would have

3    the right to testify if you chose to testify, but you

4    could not be required to testify.  If you decided not

5    to testify, the jury would be instructed that they

6    could not hold that against you.  Do you understand?

7            THE DEFENDANT:  Yes, I do.

8            THE COURT:  If the case were tried you

9    would have the right to present evidence in your

10   defense and to require the attendance of witnesses to

11   testify in your defense, but you would not be required

12   to present any evidence or call any witnesses.  If you

13   chose not to present any evidence or call any

14   witnesses, the jury would be instructed that they

15   could not hold that against you.  Do you understand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  If you plead guilty you'll

18   be giving up your right to remain silent and not

19   incriminate yourself with regard to the conduct

20   involved in the plea.  If you decide to plead guilty

21   I'll have to ask you questions about what you did to

22   satisfy myself that you are guilty, and you'll have to

23   answer my questions and acknowledge your guilt.  Do

24   you understand?

25           THE DEFENDANT:  Yes.

1          THE COURT:  In doing that you'll be

2   waiving your privilege against self-incrimination.  Do

3   you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  If you plead guilty and

6   your plea of guilty is accepted by the district judge,

7   you'll be giving up your constitutional right to a

8   jury trial and all the other rights I've just

9   discussed.  There will be no trial of any kind.

10  You'll be found guilty on the basis of your guilty

11  plea.  Do you understand?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  Are you willing to give up

14  your right to a trial and all these other rights I've

15  just discussed?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Is there a written plea

18  agreement, Mr. Novick?

19          MR. NOVICK:  There is, your Honor.

20          THE COURT:  Have you read this

21  agreement, Mr. Waesche?

22          THE DEFENDANT:  Yes, I have.

23          THE COURT:  Do you understand it?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you want to sign it?

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  You may be

3    seated and sign it.

4          THE DEFENDANT:  Okay.

5          (Pause.)

6          THE COURT:  Defendant and counsel have

7    signed the plea agreement.  I'm going to ask Mr.

8    Novick to summarize it.

9          MR. NOVICK:  Certainly, your Honor.

10         The plea agreement is an 8-page letter

11   addressed to Mr. Filan dated December 9th, 2013, today.

12   The first page discussed the plea and offense to which

13   the Defendant is pleading guilty; that is specifically

14   conspiracy to commit wire and mail fraud in violation

15   of Title 18, United States Code Section 371.

16         It sets forth the four elements of this

17   crime that, number one, an unlawful agreement existed

18   between two or more individuals to commit mail and

19   wire fraud in violation of Title 18, United States

20   Code Sections 1341 and 1343.

21         Number two, the Defendant knowingly and

22   willfully entered the conspiracy.

23         Number three, one of the members of the

24   conspiracy knowingly committed at least one of the

25   overt acts charged in the information.

1                    And number four, the overt acts were

2    committed to further some objective of the conspiracy.

3                    The next section concerns the penalties

4    for a conviction of this offense, the maximum penalty

5    being five years imprisonment and a $250,000 fine, in

6    addition to a supervised release term of not more than

7    three years with additional up to two years in jail

8    should the Defendant violate any condition of his

9    supervised release with no credit for time already

10   spent on supervised release.

11                   The plea agreement then goes on also to

12   discuss the alternative minimum fine provision, a $100

13   special assessment on each count of conviction, in

14   this case $100, and restitution which is further

15   expanded upon in the last page of the plea agreement,

16   a rider concerning restitution.

17                   The next section beginning on the

18   middle of page 2 or near the bottom of page 2

19   discusses the sentencing guidelines, that they are one

20   of several factors to be considered by the Sentencing

21   Court.  It discusses acceptance of responsibility, and

22   that the Government is agreeing to recommend that the

23   court reduce by two levels the Defendant's adjusted

24   offense level under the Section 3E1.1A of the

25   sentencing guidelines, and in addition, if the

1  Defendant's offense level is 16 or greater the

2  Government will file a motion at the time of

3  sentencing with the court pursuant to 3E.101B, which

4  recommends the court reduce the Defendant's adjusted

5  offense level by one additional level for his prompt

6  notification of his intent to enter a plea of guilty.

7           In the middle of page 3 it sets the

8  conditions for making these recommendations, and that

9  is the Defendant truthfully admit and not falsely deny

10  any relevant conduct for which the Defendant is

11  accountable under sentencing guideline 1B1.3, and

12  truthfully disclose to the Probation Office

13  information not requested that's set forth in more

14  detail in the plea agreement.

15           The Government also expressly reserves

16  the right to seek denial of these adjustments for

17  three things again set forth in the middle of page 3,

18  and that is that the Defendant has not terminated or

19  withdrawn from criminal conduct or associations,

20  anything that could provide a basis for an adjustment

21  for obstructing or impeding the administration of

22  justice or anything that could constitute a violation

23  of his condition of release.  And if the Government

24  opts not to make those recommendations for those

25  reasons, the Defendant would not be entitled to

1 withdraw his plea of guilty.

2                 There is a guideline stipulation being

3 on the bottom of page 3 which I won't go into detail,

4 but the essence of which, your Honor, is that the

5 guideline range exceeds the statutory maximum sentence

6 of five years imprisonment and therefore the

7 guidelines in this case would be five years

8 imprisonment.

9                 The Defendant understands that the

10 court, the Sentencing Court is not bound by this

11 stipulation and if the court decides to sentence the

12 defendant based on a guideline range other than that

13 which is contemplated in the agreement, the Defendant

14 would not be entitled to withdraw his plea of guilty.

15                 There is a waiver of right to appeal or

16 collaterally attack sentence on the middle of page 4.

17 The Defendant waives his right to appeal a sentence

18 that does not -- conviction and sentence that does not

19 impose -- excuse me, does not exceed 60 months

20 imprisonment and a three-year term of supervised

21 release, even if the court imposes such a sentence

22 based on the analysis different than that which is

23 specified in the plea agreement.

24                 The Defendant acknowledges that he's

25 knowingly, intelligently waiving these appellate

1  rights that are contemplated on the middle of page 4.

2            The next section of the plea agreement,

3  your Honor, discusses the waiver of rights, the waiver

4  of right to indictment and the waiver of trial rights

5  and consequences of the Defendant's guilty plea which

6  the court has already gone over and I won't rehash in

7  detail now.

8            There's also on the middle of page 5 a

9  waiver of statute of limitations, and that is

10 essentially that the Defendant waives any rights under

11 the statute of limitations -- or should the

12 Defendant's plea be vacated for any reason, the

13 Defendant -- any prosecution that is not time barred

14 on the date of the Defendant's plea would not be time

15 barred should the Defendant's plea be withdrawn or

16 vacated for any reason.

17           The next section, acknowledgement of

18 guilt and voluntariness of the Defendant's guilty

19 plea, the Defendant acknowledges that he's entering

20 into this agreement and he's pleading guilty freely

21 and voluntarily because he is guilty based upon no

22 other promises or reliances on any discussions other

23 than those that are set forth in the plea agreement as

24 set forth in writing and signed by all the parties.

25           The next section on page 6 discussed

1   the scope of the agreement that this is limited to the

2   undersigned parties, that is the Government and the

3   Defendant, and cannot bind any other federal, state or

4   local authority.  There are certain collateral

5   consequences of the Defendant's guilty plea such as

6   the right to vote and the right to serve of a jury

7   that are discussed on the middle of page 6.

8                      And then finally on the bottom of page

9   6 the satisfaction of federal criminal liability such

10  that this Defendant's guilty plea today will satisfy

11  his liability, criminal liability in the District of

12  Connecticut as a result of his participation in the

13  criminal conduct and forms the basis of the

14  information in this case, and the Defendant

15  understands that if he violates any term or condition

16  of this agreement, engages in any criminal activity or

17  fails to appear for sentencing, the Government may

18  void all or part of this agreement, and if that does

19  happen, your Honor, the agreement is such that the

20  Defendant would not be permitted to withdraw his

21  guilty plea.

22                      And on page 7 the Defendant

23  acknowledges that no other promises, agreements or

24  conditions have been entered into other than those set

25  forth in the plea agreement and none will be entered

1    into unless set forth in writing, signed by all the

2    parties, that is signed by myself on behalf of the

3    United States Attorney, the Defendant and his counsel.

4                    THE COURT:  All right.

5                    All right.  There's a provision in the

6    rules that requires me to address separately any

7    provision in the plea agreement involving a waiver of

8    right to appeal or collaterally attack the conviction

9    or sentence.  There is such a provision in the plea

10   agreement, so I'm going to begin with that.

11                   Mr. Waesche, I want to direct your

12   attention to page 4 of the plea agreement.  In the top

13   one-third of the page you see there's a section

14   entitled waiver of right to appeal or collaterally

15   attack conviction and sentence.  You see that?

16                   THE DEFENDANT:  Yes, I do.

17                   THE COURT:  Have you read it?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  Have you been over it with

20   your lawyer?

21                   THE DEFENDANT:  Yes.

22                   THE COURT:  Have you asked him

23   questions about it?

24                   THE DEFENDANT:  Um --

25                   THE COURT:  Well, let me ask you this

1  way.  Have you and he discussed it?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  And do you understand it?

4                    THE DEFENDANT:  Yes, I do.

5                    THE COURT:  All right.  The rules

6  require me to address you in open court to explain the

7  provision and make a determination that you do

8  understand it.

9                    Under certain circumstances a defendant

10  might be entitled to challenge his conviction and

11  sentence.  You understand that?

12                    THE DEFENDANT:  Yes.

13                    THE COURT:  Under certain circumstances

14  a defendant might have a chance to appeal his case to

15  a higher court.  Do you understand?

16                    THE DEFENDANT:  Yes.

17                    THE COURT:  A defendant might also have

18  an opportunity to commence what's called a collateral

19  attack on the conviction or sentence, that is to file

20  another lawsuit making an argument that there's

21  something legally wrong with the conviction or

22  sentence and asking the court to set it aside.  Do you

23  understand you might have that right too?

24                    THE DEFENDANT:  Yes.

25                    THE COURT:  But what you've done here

1  as part of your plea deal with the Government is to

2  give up any rights you might have along those lines as

3  long as the judge doesn't sentence you to more than 60

4  months in jail and a three-year term of supervised

5  release.  Do you understand that's part of your

6  agreement?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  All right.

9              Let me see counsel only at sidebar.

10             (At sidebar.)

11             (A portion of transcript sealed per

12 order of the Court.)

13             THE COURT:  Mr. Waesche, other than the

14 promises contained in your written agreement with the

15 Government, has anyone made any promises to you that

16 have caused you to want to plead guilty?

17             THE DEFENDANT:  No.

18             THE COURT:  Has anyone made any

19 promises to you as to what your sentence will be?

20             THE DEFENDANT:  No, they have not.

21             THE COURT:  Has anyone threatened you

22 in any way in an attempt to get you to plead guilty?

23             THE DEFENDANT:  No.

24             THE COURT:  Has anyone attempted to

25 coerce or intimidate you into pleading guilty?

1          THE DEFENDANT:  No, they have not.

2          THE COURT:  Is anyone forcing you to

3   plead guilty?

4          THE DEFENDANT:  No.

5          THE COURT:  Do you want to plead guilty

6   because you choose to plead guilty voluntarily of your

7   own free will?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  I'm going to address you

10  now regarding the possible sentence.

11          If you plead guilty the court can

12  sentence you as follows:  First, you could go to jail

13  for five years.  Do you understand that?

14          THE DEFENDANT:  Yes, I do.

15          THE COURT:  In addition, there is a

16  term of supervised release for as long as three years

17  to begin at the end of any period of imprisonment.  If

18  you're placed on supervised release, which is a form

19  of court supervision, you'll be required to satisfy

20  while you're on supervised release, including that you

21  not commit any crime.  If you were to violate any

22  condition of your supervised release you could be

23  required to serve a further term of imprisonment of up

24  to two years with no credit for time already spent on

25  supervised release.

1            You could be fined as much as $250,000.

2    You're also subject to the alternative fine provision.

3    Under this section the maximum fine that may be

4    imposed on you is the greatest of the following.

5    Twice the gross gain to you resulting from the

6    offense; twice the gross loss to the victims resulting

7    from the offense, or $250,000.

8            You'll also be required to pay the --

9    you also might be required to pay the cost to the

10   United States Government of any imprisonment,

11   probation or period of supervised release.  If a

12   sentence of imprisonment is imposed, the rate is

13   $2,036.92 a month.  If a sentence of probation or

14   supervised release is imposed the rate is $294.60 a

15   month.  If a fine of more than $2,500 is imposed, you

16   can be required to pay interest on any fine amount

17   that is not paid within 15 days of the date you're

18   sentenced.  You'll be required to pay a mandatory

19   special assessment of $100.  You also might be

20   required to pay restitution.

21           Is there any amount of restitution that

22   applies or has been calculated?

23           MR. NOVICK:  It has not been calculated

24   at this point, your Honor.

25           THE COURT:  All right.  Does forfeiture

1    apply?

2                    MR. NOVICK:  No, not in this case, your

3    Honor.

4                    THE COURT:  All right.  Is my statement

5    of the penalties correct?

6                    MR. NOVICK:  It is, your Honor.

7                    THE COURT:  You agree, Mr. Filan?

8                    MR. FILAN:  I do, your Honor.

9                    THE COURT:  And Mr. Waesche, do you

10   understand these possible consequences of your plea of

11   guilty?

12                   THE DEFENDANT:  Yes, I do, your Honor.

13                   THE COURT:  Now I'm going to address

14   you regarding the sentencing guidelines.

15                   The United States Sentencing Commission

16   has issued guidelines that apply to your case.  Have

17   you and your lawyer talked about how the sentencing

18   guidelines might apply to you?

19                   THE DEFENDANT:  Yes.

20                   THE COURT:  The sentencing guidelines

21   are advisory guidelines under which the court

22   calculates a recommended sentence using the different

23   facts of each case.  The calculation results in a

24   guideline range of possible sentences.  The sentencing

25   judge must consider the guideline range as a

1   recommendation that he sentence you within that range.

2   The sentencing judge also must consider any possible

3   grounds for departure from the guidelines.  He is

4   permitted to tailor your sentence in light of certain

5   statutory sentencing factors, that is statutory

6   concerns other than the guidelines, but he's required

7   to consider the sentencing guidelines in deciding the

8   sentence to impose upon you.

9                   The guidelines are advisory, not

10  mandatory.  The guideline range for your case will be

11  determined after a presentence report is prepared by

12  the United States Probation Office, and you, your

13  lawyer and the U.S. Attorney's Office have had an

14  opportunity to comment on the presentence report.

15  Until then no one can be sure what the guideline range

16  will be.  Do you understand that?

17                  THE DEFENDANT:  Yes, I do.

18                  THE COURT:  Now, your lawyer might have

19  advised you of his opinion as to what the guideline

20  range probably will be, but his prediction might be

21  wrong.  You understand?

22                  THE DEFENDANT:  I understand that.

23                  THE COURT:  If it turns out that the

24  guideline range is higher than you anticipated, the

25  mere fact that you expected to be sentenced under a

1  lower guideline range will not be a basis for

2  withdrawing your guilty plea or overturning your

3  sentence.  Do you understand?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Once again, I'm told that

6  you want to plead guilty to this information charging

7  you with conspiracy in violation of 18 United States

8  Code Section 371.  To prove that you're guilty of this

9  charge, the Government would have to prove beyond a

10  reasonable doubt certain things we call elements of

11  the offense.

12           I'm going to ask the prosecutor to list

13  the elements.

14           MR. NOVICK:  There are four elements,

15  your Honor.  First, an unlawful agreement existed

16  between two or more individuals to commit mail and

17  wire fraud in violation of Title 18, United States

18  Code Sections 1341 and 1343.

19           Number two, the Defendant knowingly and

20  willfully entered that conspiracy.

21           Number three, one of the members of the

22  conspiracy knowingly committed at least one of the

23  over acts changed in the information.

24           Number four, the overt acts were

25  committed to further some objective of the conspiracy.

1          THE COURT:  I'm about to ask you, Mr.

2    Waesche, what you did that shows that you're guilty of

3    this offense to which you're offering to plead guilty.

4    Before I do that I want to give you an opportunity to

5    speak with your lawyer if you want or need to speak

6    with him.  If you have any questions or concerns that

7    you want to discuss with your lawyer before we

8    proceed, please take the time to talk with him now.

9          (Pause.)

10          MR. FILAN:  Your Honor, Mr. Waesche has

11   indicated he has no questions and is prepared to

12   inform the court what he did.

13          THE COURT:  All right.  Tell me in your

14   own words what you did that shows you're guilty of

15   this charge.

16          THE DEFENDANT:  Beginning in 2006 and

17   continuing until around 2013, I agreed with others

18   with whom I worked with in Simsbury, Stamford and the

19   Norwalk offices of our firms, to take steps to get

20   insurance companies to issue life insurance policies

21   under false pretenses that would be financed by others

22   and sold on the life settlement market.  I caused to

23   be submitted through life insurance companies false

24   applications that stated that the policies were not

25   being financed by outside investors, that there were

1  no discussions about the sale of these policies, and

2  that the policies were for legitimate estate planning

3  purposes.

4           Specifically, I submitted such and

5  application on July 3rd, 2008 to Penn Mutual.  I knew

6  what I was doing and I knew it was wrong.

7           THE COURT:  And how were the wires or

8  the mail used?

9           THE DEFENDANT:  The wires, wires were

10 used to fund the policies via wire transfers from

11 trust owned bank accounts to the life insurance

12 companies, Penn Mutual being one of them.

13          We also used via wires emails to

14 transfer information back and forth to insurance

15 companies, clients, and to our trust offices.

16          THE COURT:  All right.

17          All right.  I'm going to ask the

18 prosecutor now to summarize the Government's evidence

19 that shows that you're guilty of this offense.  I want

20 you to listen very carefully because when he finishes

21 I'm going to ask you if you agree or disagree.  All

22 right?  You may sit down.

23          THE DEFENDANT:  Thank you.

24          THE COURT:  Go ahead, Mr. Novick.

25          MR. NOVICK:  Thank you, your Honor.

1        Your Honor, the Government's evidence

2   will show that between approximately 2006 and 2013 a

3   conspiracy existed among executives, employees and

4   other business associates of entities that were housed

5   primarily at 100 Grist Mill Road in Simsbury,

6   Connecticut, and at other offices in Stamford,

7   Connecticut and later Norwalk, Connecticut.

8        The objective of the conspiracy was to

9   induce under false pretenses insurance companies to

10  issue life insurance policies that we financed by

11  investors that could later be sold in the life

12  settlement market.  This occurred through an entity

13  known as the Charter Oak Trust, which purported to be

14  a multiple employer trust or welfare benefit plan.

15       As an employee and insurance agent

16  working for the Simsbury based companies, the

17  Defendant knowingly and willfully joined the

18  conspiracy by, among other things, causing insurance

19  applications to be submitted that contained material

20  misrepresentations that, among other things, falsely

21  denied the existence of third-party payments of

22  insurance premiums; falsely denied discussions

23  regarding the sale of policies; and falsely indicated

24  that policies were being purchased for legitimate

25  estate planning needs.

1          Among those fraudulent applications was

2    an application referenced in paragraph 55 of the

3    information on the life of straw insured D, which the

4    Defendant caused to be submitted on July 3rd, 2008 to

5    the Penn Mutual Insurance Company.  The Government's

6    evidence would consist of, among other things, your

7    Honor, these actual life insurance applications and

8    the evidence of the mailing of many of these life

9    insurance applications both through -- typically

10   through Federal Express or other private commercial

11   carrier.  That these were applications that the

12   Defendant signed and these were applications the

13   Defendant caused to be sent with the

14   misrepresentations that I just described earlier.

15          The Government's evidence would also

16   include emails between the Defendant, other members of

17   the conspiracy, the funding entity, and their

18   insurance trustee which was located in Delaware in

19   several interstate emails between Connecticut and

20   Delaware for the purpose of funding these policies and

21   making wire transfers between accounts of the trust,

22   the funding entity, and the insurance companies.

23          I would also include evidence provided

24   by the insurance companies.  It would include evidence

25   that came as a result of several search warrants

1  executed at the offices of these entities based in

2  Simsbury and Stamford.

3                    Thank you, your Honor.

4                    THE COURT:  All right.  Did you hear

5  everything that the prosecutor just told me?

6                    THE DEFENDANT:  Yes, I did.

7                    THE COURT:  Do you agree or disagree?

8                    THE DEFENDANT:  I agree.

9                    THE COURT:  Do you agree with

10  everything he said?

11                    THE DEFENDANT:  Yes, I do.

12                    THE COURT:  I understand that you and

13  your lawyer have prepared a petition to enter a plea

14  of guilty; is that correct?

15                    THE DEFENDANT:  Yes, your Honor.

16                    THE COURT:  Mr. Novick, have you seen

17  the petition?

18                    MR. NOVICK:  I have, your Honor.

19                    THE COURT:  Does it appear to be in

20  order?

21                    MR. NOVICK:  Yes, your Honor.

22                    THE COURT:  All right.

23                    And Mr. Waesche, have you discussed the

24  petition fully with Mr. Filan?

25                    THE DEFENDANT:  Yes, I have, your

1    Honor.

2                    THE COURT:  All right.  Defendant and

3    his counsel may sign the petition in open court.

4                    (Pause.)

5                    MR. FILAN:  Your Honor, that petition

6    has been signed by Mr. Waesche and myself.

7                    THE COURT:  Hand it up, please.

8                    MR. FILAN:  May I approach?

9                    (Pause.)

10                    THE COURT:  I have signed the petition

11   as well and it may be filed.

12                    Mr. Waesche, based on everything I've

13   seen and heard, it appears to me that you want to

14   plead guilty because you believe you are guilty, and

15   that you choose to plead guilty freely and

16   voluntarily.  Is that correct?

17                    THE DEFENDANT:  Yes, your Honor.

18                    THE COURT:  I'm about to take your

19   guilty plea.  I'll have the charge read to you unless

20   you waive the reading of the charge.  Do you waive the

21   reading?

22                    THE DEFENDANT:  Yes, your Honor.

23                    THE COURT:  All right.  Mr. Clerk, put

24   the Defendant to plea.

25                    THE CLERK:  Yes, your Honor.

1          In the case of United States of America

2   vs. Joseph Edward Waesche, IV, Criminal Number 3:13-

3   CR-224 (RNC), as to Count 1 of the information

4   charging violation of Title 18, United States Code

5   Section 371, how do you wish to plead?

6          THE DEFENDANT:  Guilty.

7          THE CLERK:  Your Honor, the Defendant

8   has pleaded guilty to Count 1 of the information.

9          THE COURT:  On the basis of the

10  Defendant's petition to enter a plea of guilty, the

11  Defendant's answers to my questions in open court

12  today, the remarks of defense counsel and the

13  prosecutor, I find that the Defendant is fully

14  competent and capable of entering an informed plea,

15  that the Defendant understands the nature of the

16  charge against him, that he knows his right to a jury

17  trial and his other trial-related rights, that he

18  knows the maximum possible sentence and the other

19  possible consequences of his guilty plea.

20          I further find that the Defendant's

21  plea of guilty is a knowing and voluntary plea

22  supported by an adequate factual basis as to each of

23  the essential elements of the offense.

24          I'm going to recommend that the

25  Defendant's plea of guilty be accepted.  The case will

1   be referred to the United States Probation Office for

2   a presentence investigation.  It is so ordered.

3                    You may sit down, sir.

4                    Mr. Waesche, sometime after this

5   hearing a United States Probation Officer will

6   interview you.  Either that officer or a colleague of

7   that officer later will prepare a presentence report

8   which will be submitted to the court to assist in

9   determining the sentence for you.

10                    You should remember the Probation

11  Officers work for the court, not for the prosecution.

12  Your cooperation with the United States Probation

13  Officer generally will benefit you.  However, it's

14  important that you carefully discuss with your lawyer

15  what you say to the Probation Office because the

16  presentence report is very important in the

17  determination of your sentence.  Do you understand all

18  that?

19                    THE DEFENDANT:  Yes, I do.

20                    THE COURT:  Counsel for either party

21  may submit its version of the offense to the Probation

22  Officer.  Mr. Waesche, you have a right to object to

23  items contained in or omitted from the presentence

24  report.  Your lawyer must read and review the

25  presentence report with you prior to the date set for

1    submitting objections to the report.

2              After receiving counsel's objections

3    the Probation Officer will make any further

4    investigation and any revision to the presentence

5    report that might be necessary.  The revised

6    presentence report will then be disclosed to the court

7    and to counsel.

8              Defense counsel shall read and review

9    with the Defendant the presentence report prior to the

10   date of the sentencing hearing.  The presentence

11   report must be disclosed to the Defendant, to counsel

12   for the Defendant and to the Government on or before

13   January 23rd.  Objections are due on or before January

14   28th.  The amended presentence report must be disclosed

15   on or before February 16th.  Sentencing will be on

16   March 6th at 10:00 o'clock in the morning at the U.S.

17   District Court, Courtroom 3 Annex, 450 Main Street in

18   Hartford.

19             Is there an application for release

20   pending sentencing?

21             MR. FILAN:  There is, your Honor.  Mr.

22   Waesche in counsel seeks to be released on a personal

23   recognizance bond that will also be secured by the

24   Waesche's residence.  The Waesche's residence was

25   appraised in May of 2012 at $1.1 million.  We have

1  done updated online appraisals through Trulia and

2  Zillow which show that that value has been maintained.

3  We have met with Probation and given them copies of

4  the appraisal, as well as the updated online

5  appraisals as well as the mortgage statement showing

6  that the mortgage balance is approximately $576,000

7  which leaves an equity in the property of $520,000.

8              So we're seeking a personal

9  recognizance bond with $300,000 of surety, and we have

10  prepared for the court the necessary escrow and deed

11  agreements, a mortgage deed, the agreement to forfeit

12  real property to obtain Defendant's release, the

13  surety information sheet, the bail information sheet,

14  and the warranty deed that if approved by the court we

15  would be prepared to execute and maintain either with

16  me or with the Government to assure Mr. Waesche's

17  appearance.

18              Mr. Waesche is a long-time resident of

19  Greenwich with his family, wife and three sons.  He's

20  worked in Connecticut for many, many years.  He has --

21  we've discussed regarding the other matter that

22  remains under seal -- appeared regularly and we don't

23  -- it's our position that he poses no danger

24  whatsoever, no risk of flight whatsoever, and that the

25  court can make a finding of fact that there's clear

1   and convincing evidence based on the totality of the

2   circumstances and the totality of Mr. Waesche's life

3   as well as the security that we're offering that he

4   poses no danger to the community and no risk of

5   flight.  And therefore we request that a personal

6   recognizance bond be allowed with the surety that I've

7   described.

8                   We also note, I also note that Mr.

9   Waesche, he has a son who is a student in McGill on

10  Montreal, another student at UBM, and another student

11  in Ohio, and to be traveling to visit to them on

12  occasion.  He's also now owning and operating,

13  starting a business in Florida, all of which the

14  Government is aware of.  We understand, of course,

15  that it has to pass muster with the court, but it's my

16  understanding Mr. Novick can speak to this, that the

17  Government does not have an objection to these terms

18  and conditions.

19                  MR. NOVICK:  That's correct, your

20  Honor, given that the Defendant is putting up his

21  family home and has security here.  His wife is

22  present in the courtroom.  And given his ties to the

23  Connecticut area, we believe that the Defendant has

24  met that burden, clear and convincing evidence to show

25  that this bond package will ensure that he return to

1    court as direct by the court.

2                THE COURT:  And does the Government

3    have any evidence that the Defendant is either a risk

4    of flight or a danger?

5                MR. NOVICK:  No, your Honor.

6                THE COURT:  All right.

7                All right.  I'll set the following

8    conditions of release.

9                The Defendant must not violate federal,

10   state or local law while on release.  He must

11   cooperate in the collection of a DNA sample if

12   authorized by statute.  He must advise the court or

13   Pretrial Services officer in writing before any change

14   of address or telephone number.  He must appear in

15   court as required and surrender to serve any sentence

16   that might be imposed.  He must sign an appearance

17   bond.

18               7A, he shall submit to supervision by

19   and report for supervision to the United States

20   Probation Office.  B, continue or actively seek

21   employment.  F, abide by the following restrictions of

22   travel.  He continues to reside in Connecticut; may

23   travel to Vermont, to Canada, to Ohio in connection

24   with his children's education, that is to visit his

25   children, meet his obligations regarding his children,

1   anything of that nature.

2                If he travels outside the country --

3   well, he only may travel outside the country to go to

4   Canada to attend to his child.  If he seeks to do that

5   he must request the permission of the Probation

6   Officer 72 hours in advance of any travel.  He may

7   travel to Florida for business reasons.  And obviously

8   to get to any of these locations he has permission to

9   travel through states that he must travel through to

10  get there.

11               Any limitation on contact of witnesses

12  or victims that either counsel think is necessary?

13               MR. NOVICK:  No, your Honor.

14               MR. FILAN:  No, your Honor.

15               THE COURT:  Do you have any firearms,

16  sir?

17               THE DEFENDANT:  No, I do not.

18               THE COURT:  Shall not possess a

19  firearm, destructive device or other weapon.

20               Shall report as soon as possible to the

21  Pretrial Services Office or supervising officer every

22  contact with law enforcement personnel, including

23  arrests, questioning or traffic stops.

24               All right.  I cannot set a personal

25  recognizance bond and also make available the

Defendant's house. Those two just don't go together.

What I'm going to do is this. As it's a type 3B bond,

it says secured bond in the amount of $300,000 secured

by the agreement of the Defendant to forfeit the

amount of the bond -- the value of $300,000 in his

property, the address of which will be submitted to

the court.

I don't need to see the paperwork if

it's in a form acceptable to the Government, and I

will leave it to able and experienced counsel as to

who keeps custody and how many copies and how many

duplicate originals and all of that. If it's

satisfactory to you, it's satisfactory to me.

All right. I've signed the finding and

recommendation. Is there anything else we should do

today?

MR. NOVICK: No, your Honor.

MR. FILAN: No, your Honor. Thank you.

THE COURT: Just a moment.

(Pause.)

THE COURT: Oh, yes. The Clerk of the

Court reminds me that the time set for the Defendant's

sentencing exceeds the speedy trial calendar in the

court. Any objection to that, Mr. Filan?

MR. FILAN: None, your Honor.

1           THE COURT:  All right.

2           All right.  We are in recess.

3           MR. NOVICK:  Thank you.

4           THE COURT:  Thank you.

5           MR. FILAN:  Thank you.

6           THE CLERK:  All rise.

7           THE COURT:  Go ahead.

8           THE CLERK:  The Honorable District

9    Court is now in recess.

10          (Proceedings concluded at 3:48 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        CERTIFICATE

2

3           I hereby certify that the foregoing 44

4   pages are a complete and accurate transcription to the

5   best of my ability of the electronic recording of the

6   Waiver of Indictment and Guilty Plea hearing re:

7   UNITED STATES OF AMERICA vs. JOSEPH EDWARD WAESCHE,

8   IV, Criminal No. 3:13-CR-00224 (RNC) held before The

9   Hon. Donna F. Martinez, United States Magistrate

10  Judge, in Hartford, Connecticut, on December 9, 2013.

11

12  s/s_____          _____

13  Suzanne Benoit, Transcriber          Date

14

15

16

17

18

19

20

21

22

23

24

25