UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    Docket No. 3:13CR224 (RNC)

v.

J. EDWARD WAESCHE IV

## RESTITUTION ORDER

**I.    Restitution Liability**

The determination of restitution was made on August 7, 2019.

### A.   Restitution Amount

The Defendant, J. Edward Waesche IV, shall pay restitution in the amount of $569,327.27 pursuant to 18 U.S.C. § 3663A.

☐ This amount includes_____in prejudgment interest.

☑ The Court does not order the inclusion of prejudgment interest.

☐ The Court acknowledges that a restitution payment in the amount of $100 was paid to the Clerk of the Court in August 2019 and again in September 2019 and said payment is credited to the amount of restitution imposed.

### B.   Joint and Several Liability

☑ Restitution is joint and several with defendant Daniel Carpenter in case number 3:13CR00226 (RNC).

☐ Restitution is joint and several with defendant(s) not presently named.

☐ Restitution is not joint and several with other defendants or with others not named herein.

    ☐ Optional: Rather, pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant.

1

**C.  Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.  Restitution shall be paid to the victim(s) identified in Schedule A attached hereto on a (select one):

☐ pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

☐ percentage basis, as set forth more fully in Schedule A.

☑ specified basis, as set forth more fully in Schedule A.

## II.   Interest

The Defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1).

☑ All interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

☐ Accrual of interest is limited to $ _____ pursuant to 18 U.S.C. § 3612(f)(3)(B).

☐ Interest shall accrue only during the period of _____ pursuant to 18 U.S.C. § 3612(f)(3)(C).

☐ All interest is waived by the Government pursuant to 18 U.S.C. § 3612(h).

☐ The following portion of interest is waived by the Government pursuant to 18 U.S.C. § 3612(h): _____

If a restitution payment is more than 30 days late, it is delinquent, and the Defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent.  If a restitution payment is delinquent for more than 90 days, it is in default, and the Defendant shall pay as a penalty an additional amount equal to 15 percent of the principal amount that is in default.   All penalties shall accrue, unless waived by the Government.

☑ All penalties are waived by the Government pursuant to 18 U.S.C. § 3612(h).

## III.   Time and Method of Payment

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant is hereby ordered to pay restitution in the manner and according to the schedule that follows:

☑ A.  The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1):

☐ upon entry of this judgment.

☐ on the following date: _____.

In the case of a Defendant who is sentenced to a term of imprisonment, any unpaid amount remaining upon release from prison will be paid:

☐ in lump sum, immediately.

☐ in installments of not less than $_____, payable on the _____ of each month.

☑ as specified by the Court in Schedules A and B, attached.

☐ B.  In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

1.  The Defendant shall commence installment payments:

☐ immediately upon entry of this judgment.

☐ upon release from prison.

☐ on the following date: _____.

☐ as specified by the Court: _____

2.  While serving the term of imprisonment, the Defendant shall make installment payments as follows:

☐ The Defendant shall pay no less than $ _____ [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**].

☐ in an amount equal to _____ percent of gross income, [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**].

☐ as specified by the Court: _____

3.  After completion of the term of imprisonment or if the Defendant is not sentenced to a term of imprisonment, the Defendant shall make installment payments as follows:

☐ no less than $_____ [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**] .

☐ in an amount equal to _____ percent of the Defendant's gross income, {**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**} .

☐ as specified by the Court: _____

IV.    **Payment Instructions**

The Defendant shall make payment to the Clerk of Court.  Payment may be made in the form of cash, check or money order.  All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the United States District Court, Attention: Clerk's Office, District of Connecticut, as required by 18 U.S.C. § 3611. The Defendant shall write the docket number of this case on each check delivered to the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change and shall not be mailed.

The Clerk shall distribute restitution payments to the victim(s) identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

V.    **Additional Collection Provisions**

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10 *et seq*., up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victim(s) or the United States from pursuing immediate collection through civil remedies allowed by law in accordance with 18 U.S.C. § 3664(m).

The Defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the Defendant's release from prison, or upon the death of the Defendant.

It is so ordered.

Dated at Hartford, Connecticut on this ___29___ day of _Oct._ , 2019.

/s/ Honorable Robert N. Chatigny

4

## SCHEDULE A

Penn Mutual Life Insurance Company            $569,327.27
Attn: General Counsel
600 Dresher Road
Horsham, PA 19044

## SCHEDULE B

The Government and Mr. Waesche agree as follows:

- Property located at 8300 Glenfinnan Circle, Fort Myers, Florida, in which Mr. Waesche holds a half interest with his sister, remains on the market.  The price has been lowered and the Florida real estate selling season is in the Fall.  Mr. Waesche expects net proceeds of approximately $200,000 (his portion subject to costs of sale) from a sale, which he agrees will be applied to the restitution debt.

- The Government on August 22, 2019 filed a notice of lien against the property located at 8300 Glenfinnan Circle, Fort Myers, Florida in order to secure its interest in that property.

- If the Florida property does not sell by December 31, 2019, parties will revisit liquidation of that property

- Mr. Waesche's mother's life insurance policy has a potential payout of $2 million to Mr. Waesche.  Mr. Waesche has provided the Government executed documents designating the United States as an irrevocable contingency beneficiary and, upon payment of the restitution amount, will provide the Government with documents necessary to terminate the United States' beneficiary interest.  The United States will execute the termination documents upon confirmation that the restitution debt has been paid in full

- Mr. Waesche has confirmed that the Insurer will agree to provide notice to the United States concerning any activity on the account, particularly if premium payments lapse, or any other adverse event.  Mr. Waesche has agreed that even if the policy lapses, the United States would remain secured up to its share of the cash surrender value of the policy, by virtue of its position as a contingent beneficiary

- The Government on August 22, 2019 filed a Notice of Lien on Mr. Waesche's property located at 173 Lake Avenue, Greenwich, Connecticut, 06830.

- Mr. Waesche agrees to commence $200 monthly payments immediately.  Mr. Waesche will continue monthly payments without fail through December 31, 2019, and the parties will re-evaluate Mr. Waesche's ability to pay, taking into account his employment situation, monthly expenses, and liquidation of the Florida property

- The parties have scheduled a telephone conference on January 9, 2020 to follow-up on above terms